Eremic, Appellant, *v.* East Pittsburgh
Airport, Inc.

Argued March 15, 1968.   Before MUSMANNO, JONES,
COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*G. N. Evashavik,* with him *Parker, Evashwick &
Brieger,* for appellants.

*Wilbur F. Galbraith,* with him *I. Elmer Ecker,* and
*Ecker, Ecker & Ecker,* for appellees.

OPINION PER CURIAM, April 16, 1968:

George N. Eremic and Diana B. Eremic, his wife,
stockholders of East Pittsburgh Airport, Inc., brought
an action in equity against the corporation and against

Pasquale Laurito and Leona Laurito to cancel the issuance of 83.7 shares of the corporation's stock to Pasquale Laurito, the plaintiffs contending that the stock was unlawfully and fraudulently issued.

A hearing followed, during which the plaintiffs sought to show that the issuance of the stock was not supported by valid or lawful corporate action in that, allegedly, the meetings with regard thereto were not corporate meetings but merely "gatherings", and that the minutes were incomplete and not in conformity with law or with the corporation's by-laws.

The chancellor chose to believe the testimony of Mrs. Laurito who testified as to the 1951 and 1958 board of directors' meetings at which the board authorized the issuance of stock to Pasquale Laurito for the services he performed for the corporation. He had done extensive work on the airport premises, including grading and leveling the area and constructing hangars and other buildings. Mrs. Laurito produced the minutes of those meetings. While the minutes are not full and complete and not in the usual form of corporate minutes, we agree with the chancellor's conclusion that they were sufficient, when considered with the other supporting evidence, to sustain valid corporate action in the issuance of the stock in question to Pasquale Laurito.

Accordingly, the chancellor held that the issuance of the stock to Pasquale Laurito was proper and without fraud, and that the plaintiffs had not made out a case entitling them to equitable relief.

Since the chancellor's findings are supported by credible evidence and were affirmed by the court en banc, they have the force of a jury's verdict and will not be disturbed on appeal: *St. Andrews Evangelical Lutheran Church v. Lower Providence Township,* 414 Pa. 40, at page 44. We also find the conclusions of

law based on those findings to be in accordance with the applicable law.

Decree affirmed; each party to bear own costs.

Mr. Chief Justice BELL took no part in the consideration or decision of this case.